IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS GRESHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-179 |
| | ) | |
| STATE OF GEORGIA; SANDY BOOKER, | ) | |
| Assistant Attorney for Wilkes County; CHIEF | ) | |
| JUDGE FOR WILKES COUNTY; CHIEF | ) | |
| COUNSELOR; DIRECTOR COURT; | ) | |
| JURORS, et al; VALDOSTA, GEORGIA | ) | |
| STATE PRISON; DEPARTMENT OF | ) | |
| CORRECTIONS; UNKNOWN AGENT, Lt. | ) | |
| Arrest Officer; LOWNDES COUNTY | ) | |
| SENTENCING JUDGE; SMITH, Unit | ) | |
| Manager; JUDGE D. BLAKLEY; | ) | |
| LANGSTAFF, Complaint filed with Judge, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983 for events alleging to have occurred at Baldwin State Prison in Hardwick Georgia, Augusta State Medical Prison in Grovetown, Georgia, and Valdosta State Prison in Valdosta, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted: (1) Gresham v. Allen, 7:17-CV-00108, doc. no. 18 (M.D. Ga. Mar. 8, 2018) (failure to state a claim); (2) Gresham v. Allen, 7:16-CV-000072, doc. nos. 17 (M.D. Ga. Oct. 18, 2016)

(failure to state a claim); and (3) Gresham v. Oubre, 7:16-CV-00013, doc. no. 13 (M.D. Ga. May 17, 2016) (failure to state a claim). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP unless he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff describes his initial arrest from criminal proceedings in 2002, and describes his mental health, prior lawsuits, and prison history from August 2017 until now. (See doc. no. 1.) Nowhere in his complaint does Plaintiff ever allege a threat that would invoke the imminent danger exception. (Id.) Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new

complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 16th day of October, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA